UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MARCUS ANTHONY KENDRIX,

    Plaintiff,

v.

SACRAMENTO MAIN JAIL, et al.,

    Defendants.

No. 2:22-cv-1502 KJM AC P

ORDER

    Plaintiff, a state prisoner proceeding pro se, has filed this civil rights action seeking relief under 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge as provided by 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

    On November 29, 2022, the magistrate judge filed findings and recommendations, which were served on plaintiff and which contained notice to plaintiff that any objections to the findings and recommendations were to be filed within twenty-one days. ECF No. 5. Plaintiff has filed objections to the findings and recommendations. ECF No. 7.

    In those objections, plaintiff argues his constitutional rights were violated by deputies' intentional and wrongful deprivation of his property. *See id.* at 2. This court assumes the truth of plaintiff's allegations, *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), but as the magistrate judge explained, even an "intentional deprivation of a prisoner's property fails to state a claim under section 1983 if the state has an adequate post deprivation remedy," *Barnett v. Centoni*, 31 F.3d

1

813, 816 (9th Cir. 1994) (citing *Hudson v. Palmer*, 468 U.S. 517, 533 (1984)).  The Ninth Circuit has held California law provides an adequate post-deprivation remedy for any property deprivation.  *See id.* (citing Cal. Gov't Code §§ 810–895).  As a result, because plaintiff has an adequate remedy under California law, he cannot maintain this § 1983 action.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this court has conducted a *de novo* review of this case.  Having reviewed the file, the court finds the findings and recommendations to be supported by the record and by the proper analysis.

Accordingly, IT IS HEREBY ORDERED that:

1. The findings and recommendations filed November 29, 2022 (ECF No. 5), are adopted in full;

2. The complaint is dismissed without leave to amend for failure to state a claim; and

3. The Clerk of the Court is directed to close this case.

DATED:  January 23, 2023.

_____
CHIEF UNITED STATES DISTRICT JUDGE